```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT


ONE SOURCE ENVIRONMENTAL, LLC    :
                                 :
        Plaintiff,               :
                                 :
     v.                          :       Case No. 2:12-cv-145
                                 :
M + W ZANDER, INC., M + W U.S,   :
INC., M + W GROUP GMBH, M + W    :
PRODUCTS GMBH, and TOTAL         :
FACILITY SOLUTIONS, INC.         :
                                 :
        Defendants.              :
```

## Opinion and Order

Plaintiff One Source Environmental, LLC ("One Source") moves to dismiss with prejudice all counterclaims not re-pled in Defendants' December 22, 2014 Answer to One Source's Third Amended Complaint.  ECF No. 237.  Defendant M + W U.S., Inc. ("M + W U.S.") opposes One Source's motion or, in the alternative, cross-moves for leave to amend and consolidate its counterclaims *nunc pro tunc* as they are currently pled in its Answer to the Third Amended Complaint.  ECF No. 245.  For the reasons described below, Plaintiff's motion is **denied** and Defendants' cross-motion is **granted**.  The counterclaims that M + W U.S. has not re-pled are **dismissed without prejudice**.

   I.   Procedural Background

Defendant M + W U.S. first filed counterclaims against One Source on December 4, 2012 in its Answer to One Source's Amended

Complaint.  ECF No. 58.  M + W U.S.'s Answer contained six separate counterclaims.  *See id.* at 14-18.  The Court permitted One Source to file a Second Amended Complaint, which M + W U.S. answered on April 30, 2014.  ECF No. 170.  The Answer to the Second Amended Complaint contained five counterclaims.  *See id.* at 26-32.  Finally, One Source filed a Third Amended Complaint on November 20, 2014, which M + W U.S. answered on December 22, 2014.  ECF No. 230.  In its Answer to the Third Amended Complaint, M + W U.S. now asserts only two counterclaims: breach of contract and declaratory judgment.  Both of these counterclaims were previously asserted in the Answer to the Second Amended Complaint.  ECF No. 170.

   **II.  Discussion**

One Source argues that M + W U.S. was required to file a motion to amend under Federal Rule of Civil Procedure 15(a) or to seek the Court and the Plaintiff's consent to dismiss its counterclaims under Federal Rule of Civil Procedure 41(a).  M + W U.S. counters that One Source's motion is unnecessary because it properly consolidated its counterclaims but in the alternative, to the extent it is necessary, cross-moves to consolidate its counterclaims as currently pled *nunc pro tunc*.

The Court is unaware of any instance in which a trial court has previously addressed a motion to dismiss counterclaims that were *not* re-pled.  Case law regarding a party's ability to add

2

or expand counterclaims filed in response to an amended complaint is "all over the map."  *Christians of California, Inc. v. Clive Christian Furniture Ltd.*, No. 13 Civ. 275(LTS)(JCF), 2014 WL 92889, at *2 (S.D.N.Y. March 11, 2014) (quoting *Purchase Partners, LLC v. Carver Federal Sav. Bank*, No. 9 Civ 9687(JMF), 2013 WL 1499417, at *6 (S.D.N.Y. Apr. 10, 2013).  Trial courts in this circuit have taken three general approaches, "permissive," "narrow," and "moderate."   See *So. New England Tel. Co. v. Global NAPS, Inc.*, No. 3:04-cv-2075(JCH), 2007 WL 521162, at *1-2 (Feb. 14, 2007).  The concerns that animate the debate over these divergent methods are not relevant when counterclaims are dropped or consolidated as is the case here.  However, that some courts have allowed *enlargement* of counterclaims as a matter of right suggests M + W U.S. may not have been required to seek leave to drop its counterclaims.

The Court need not wade into this debate.  One Source understandably does not oppose M + W U.S.'s request to winnow its outstanding claims.  See ECF No. 237 at 3.  To the extent M + W U.S. was required to seek the Court's leave to consolidate its counterclaims, leave is hereby granted.  The Court accepts the counterclaims pled in M + W U.S.'s Answer to the Third Amended Complaint and dismisses the counterclaims not re-pled without prejudice.

One Source's argument that M + W U.S.'s consolidation of its counterclaims reveals that M + W U.S. filed them only to intimidate, harass, and discourage One Source from pursuing this action is unavailing at this point.  M + W U.S. should not be penalized for its effort to streamline the outstanding issues.  One Source's motion to dismiss the counterclaims with prejudice is accordingly denied.

Dated at Burlington, in the District of Vermont this 23rd day of February, 2015.

/s/ William K. Sessions III<br>
William K. Sessions III<br>
District Court Judge