UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

|  |  |
|---|---|
| ONE SOURCE ENVIRONMENTAL, LLC, | : |
| Plaintiff, | : |
| v. | : Case No. 2:12-cv-145 |
| M + W ZANDER, INC., M + W U.S., INC., M + W GROUP GMBH, M + W PRODUCTS GMBH, AND TOTAL FACILITY SOLUTIONS, INC., | : |
| Defendants. | : |

## Memorandum and Order

Pursuant to Federal Rule of Civil Procedure 60, Plaintiff One Source Environmental, LLC ("One Source") has filed a motion requesting that the Court reconsider its November 20, 2015 Order granting summary judgment in favor of Defendants with regard to One Source's Vermont Consumer Protection Act ("VCPA") claim.  As discussed in the above-mentioned Order, One Source's VCPA claim arises out of a 2004 transaction in which One Source contracted with M + W U.S. for the sale of 18 filter fan units ("FFUs") manufactured by M + W Products.  One Source's purchase of the FFUs was contingent on their certification by Underwriters Laboratories ("UL"), and One Source has produced sufficient evidence to allow a reasonable jury to conclude that M + W

Products knowingly affixed unauthorized UL marks to each of the 18 units at issue.  For the reasons stated below, the Court **grants** One Source's motion to reconsider and **reinstates** Count XI of the Third Amended Complaint with respect to Defendants M + W Products and M + W U.S.

## DISCUSSION

Under Fed. R. Civ. P. 60(b)(6), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding for...any other reason that justifies relief."  As this Court has previously acknowledged, although the standard for granting a motion for reconsideration is strict, such a motion should be granted "where it becomes necessary to remedy a clear error of law or to prevent obvious injustice."  *Vaughan v. Vermont Law School, Inc.*, No. 2:10-cv-276, 2011 WL 4036629, at *1 (D. Vt. Sept. 12, 2011) (internal quotation omitted).

Vermont's Consumer Protection Act "prohibits deceptive acts and practices in commerce, which a complainant must establish with proof of three elements: (1) the representation or omission at issue was likely to mislead consumers; (2) the consumer's interpretation of the representation was reasonable under the circumstances; and (3) the misleading representation was material in that it affected the consumer's purchasing decision."  *Jordan v. Nissan North America, Inc.*, 853 A.2d 40, 43 (Vt. 2004).  The VCPA defines "consumer" as "any person who

purchases, leases, contracts for, or otherwise agrees to pay
consideration for goods or services...not for resale in the
ordinary course of his or her trade or business but for the use
or benefit of his or her business or in connection with the
operation of his or her business."  9 V.S.A. § 2451a(a).

Defendants argued in their motion for summary judgment that
One Source is not a "consumer" within the meaning of the VCPA.
In support of their position, Defendants asserted that because
One Source incorporated the FFUs at issue into mobile clean air
units for sale to customers, it acted as a "reseller," thereby
precluding it from recovering under the Act.  The Court agreed
with Defendants and granted their motion for summary judgment.

In granting Defendants' motion for summary judgment with
respect to One Source's VCPA claim, the Court relied upon the
deposition testimony of One Source CEO Jeffrey Jimmo.  Mr. Jimmo
testified in his deposition that One Source used the 18 FFUs at
issue to manufacture ten mobile clean air units ("MCAUs").  ECF
No. 310-13 at 267-69.  Of those ten units, One Source had sold
five to customers at the time of Mr. Jimmo's deposition, with
the most recent sale occurring in May 2014.  ECF No. 310-13 at
269-88.  The remaining five units, according to Mr. Jimmo, were
used by One Source for "a variety of things."  ECF No. 310-13 at
270 (indicating only that One Source "use[d] [the MCAUs]
ourselves when applicable on projects and/or leas[ed] them to

3

customers."). Based on One Source's May 2014 sale of one of the MCAUs, as well as the vague nature of Mr. Jimmo's explanation as to how One Source used the relevant MCAUs, the Court found that One Source's "conduct demonstrates that it has primarily utilized the FFUs to manufacture products for sale." ECF No. 357 at 38. Accordingly, the Court granted Defendants' motion for summary judgment with respect to One Source's VCPA claim.

To its motion for reconsideration, One Source attached an affidavit recently completed by Mr. Jimmo. Mr. Jimmo clarifies in the new affidavit the way in which One Source utilized the five MCAUs that remain in its possession. Specifically, Mr. Jimmo states that One Source leased the units to at least five different businesses for a weekly rental fee of approximately $800 per unit and "regularly used the MCAUs for clean manufacturing at its own facility." ECF No. 362-1 at 2. In addition, JJimmo Construction used the MCAUs in connection with its construction business. ECF No. 362-1 at 2. According to Mr. Jimmo's affidavit, One Source never intended to sell all of the units at issue. Rather, "One Source built five (5) Mobile Clean Air Units ("MCAUs"), consisting of nine (9) FFUs, with the intention of retaining ownership of the units and using them in connection with the operation of its business." ECF No. 362-1 at 1-2.

4

Based on the clarification provided in Mr. Jimmo's affidavit, the Court finds that One Source has presented sufficient evidence indicating that it acted as a "consumer" such that it should be allowed to proceed, at this point, with its VCPA claim.  Upon the close of evidence, the Court will make a ruling as to whether the evidence has established that One Source was indeed a "consumer" within the meaning of the Act. It will then instruct the jury accordingly.

### CONCLUSION

The Court **grants** One Source's motion to reconsider (ECF No. 362) and **reinstates** Count XI of the Third Amended Complaint with respect to Defendants M + W Products and M + W U.S.

Dated at Burlington, in the District of Vermont, this 1st day of December, 2015.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge